**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **RYAN C. KEMME** | : | Case No.: 1:16-cv-00524 |
| Plaintiff, | : | Judge |
| v. | : | |
| **CINCINNATI CHILDREN'S HOSPITAL MEDICAL CENTER** | : | **NOTICE OF REMOVAL** |
| Defendant. | : | |

---

Defendant Cincinnati Children's Hospital Medical Center ("CCHMC" or "Defendant") hereby removes to this Court the state court action described below. Removal is warranted under 28 U.S.C. § 1332(d)(11). In support of removal, Defendant states as follows:

## BACKGROUND

Plaintiff commenced this action by filing a complaint in the Court of Common Pleas of Hamilton County, in the State of Ohio, bearing case number A1601289 on March 3, 2016. ("Complaint") (attached hereto as **Exhibit A**). Plaintiff alleges that he received medical treatment that was medically unnecessary and improperly performed at CCHMC, and that CCHMC is liable as a result. *Id.* Plaintiff specifically brings claims against CCHMC for negligence and vicarious liability, and negligent credentialing, supervision, and retention. *Id.*

This case is now considered part of one of hundreds of nearly identically pled suits against the Defendant (and other hospitals) in Hamilton or Butler County, most of which have been filed by The Deters Firm. The Deters Firm has voluntarily dismissed and re-filed many of these cases. Each of these cases in Hamilton County has been consolidated before Hamilton County Common Pleas Judge Robert Ruehlman. On December 7, 2015, in preparation for a

December 14 case management conference regarding all of the Hamilton County cases (including those re-filed after being dismissed in Butler County), The Deters Firm submitted to Judge Ruehlman an unsolicited and lengthy "binder," which included, among other things, a number of motions, descriptions of their positions on various pre-trial issues, and lists of cases currently pending or which were to be filed. *See* Binder for December 14, 2015 Case Management Conference ("Binder") (attached hereto as **Exhibit B**). In all, The Deters Firm claimed to represent plaintiffs in some 520 individual cases as part of this litigation, including 172 already filed in Hamilton County, 258 that The Deters Firm planned to dismiss in Butler County and re-file in Hamilton County, and 40 more Butler County cases that were the subject of a pending motion to transfer to Hamilton County as of December 7. *Id.*, pp. 8, 19-29, 209-23, 226-235.

In the Binder, The Deters Firm unambiguously requested that Judge Ruehlman set "ALL" of these cases for one single, combined trial or, at a minimum, several smaller group trials. *See, e.g.*, Binder, p. 179-80 (listing "[o]ne scheduled trial for ALL cases [to begin] August 1, 2016" as Plaintiffs' top choice in a list of their "Preferences in Order of Preference for Trial Settings"); *id.*, p. 180 (listing "Group Trials with Many Options" as Plaintiffs' second choice); *id.*, p. 126 (stating that "[t]he Court has many options [for setting trial dates, including] [s]chedul[ing] one trial. . . . [or] [s]et[ting] trials by groups . . . ."); *id.*, pp. 153-177 (attaching and citing *Suida v. Howard*, Nos. C-000656, C-000687, 2002 WL 946188 (Ohio Ct. App. May 10, 2002) for the proposition that "group trials [are] allowed]").

Although Judge Ruehlman did not grant Plaintiffs' request for a single trial, in a December 15, 2015 order, the court scheduled several trials as follows:

1) **February 29, 2016**: trial in *Mike & Amber Sand v. Abubakar Atiq Durrani, et al.*, Hamilton County Common Pleas Case No. A 1506694;

2) **March 14, 2016**: trial in *Steven Andrew Schultz v. Abubakar Atiq Durrani, et al.*, Hamilton County Common Pleas Case No. A 1506861;

3) **May 2, 2016**: trial in 14 cases involving Cincinnati Children's Hospital Medical Center;

4) **August 1, 2016**: trial in 24 cases involving "West Chester/UC Health and any hospital named as a Defendant in the C1C2/False Pannus cases," which includes CCHMC;

5) **January 2, 2017**: a "massive group trial" in "all remaining Dr. Durrani cases," which "could take six months to a year."

General Order on all Dr. Durrani Hamilton County Cases for Case Management Conference December 14, 2015, Hamilton County Common Pleas Case No. A1506577 ("General Order") (attached hereto as **Exhibit C**), pp. 11-15.

By proposing a joint trial of the claims of over 100 plaintiffs, The Deters Firm created a "mass action," as defined in 28 U.S.C. § 1332(d)(11), making this case (and the hundreds of others covered by the proposal) removable.

**THIS CASE IS REMOVABLE AS PART OF A MASS ACTION**

This case is removable as part of a mass action, pursuant to the mass action provisions of the diversity jurisdiction statute, 28 U.S.C. § 1332(d)(11). A removable mass action meets the following requirements:

a. It involves the monetary relief claims of 100 or more persons that are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact, *see id.* § 1332(d)(11)(B)(i);

b. The aggregate amount in controversy, through Plaintiff's allegations, exceeds $5,000,000 and the claims of the individual plaintiffs exceed $75,000, *see id.* §§ 1332(a), (d)(2), (d)(11)(B)(i); and

c. Any plaintiff is a citizen of a State different from any defendant, *see id.* §

1332(d)(2)(A).

These requirements are satisfied here.

**A. The Plaintiffs' Binder in the Hamilton County Action Proposed a Joint Trial of the Claims of 100 or More Persons**

This case is removable as part of a mass action. In the Binder submitted to Judge Ruehlman, The Deters Firm counsel explicitly proposed that this case be tried jointly with hundreds of other cases. *See* 28 U.S.C. § 1332(d)(11)(B)(i); Binder, pp. 126, 153-177, 179-80. The Deters Firm based this request on its belief that these cases involve common questions of law or fact. *See* 28 U.S.C. § 1332(d)(11)(B)(i); Binder, p. 179-80 (listing factors that all of the cases proposed to be tried jointly "have in common"); *id.*, p. 186 ("The claims against the hospital Defendants are the same in each case. It's silly to try the same fact issue against the hospital to 500 juries."); *id.*, p. 187 (listing factors "common to all cases"). Thus, the first mass action requirement is satisfied.

This element is met even though this case individually has less than a 100 Plaintiffs. The Sixth Circuit has not addressed this issue. However, the Seventh, Eighth, and Ninth Circuits have explicitly approved mass action removal of individual actions where each includes fewer than 100 plaintiffs, but the actions are proposed to be tried jointly and, combined, involve at least 100 plaintiffs. *See In re Abbott Labs., Inc.*, 698 F.3d 568, 570-71 (7th Cir. 2012) (removal proper in mass action consisting of ten cases with fewer than 100 plaintiffs each, where, combined, the cases involved several hundred plaintiffs); *Atwell v. Boston Scientific Corp.*, 740 F.3d 1160, 1161-62 (8th Cir. 2013) (removal proper in mass action consisting of three suits, each involving fewer than 100 plaintiffs, even though each case involved fewer than 100 plaintiffs); *Corber v. Xanodyne Pharm., Inc.*, 771 F.3d 1218, 1220 (9th Cir. 2014) (removal proper in mass action consisting of several cases, each of which had fewer than 100 plaintiffs but had "far more than 100 plaintiffs when considered together").

Further, removal is proper over all cases that The Deters Firm proposed be tried jointly, including those that are not part of the "massive group trial" set for January 2, 2017. The relevant

inquiry is whether The Deters Firm *proposed* a joint trial of the claims of 100 or more plaintiffs, *not* whether the claims of 100 or more plaintiffs are actually adjudicated together in a single trial. As the Seventh Circuit has noted:

> A proposal to hold multiple trials in a single suit (say, 72 plaintiffs at a time, or just one trial with 10 plaintiffs and the use of preclusion to cover everyone else) does not take the suit outside § 1332(d)(11). Recall the language of § 1332(d)(11)(B)(i): any "civil action . . . in which monetary relief claims of 100 or more persons are proposed to be tried jointly" is treated as a "class action". . . . *The question is not whether 100 or more plaintiffs answer a roll call in court, but whether the "claims" advanced by 100 or more persons are proposed to be tried jointly*.

*Bullard v. Burlington N. Santa Fe Ry. Co.*, 535 F.3d 759, 762 (7th Cir. 2008) (emphasis added); *see also Atwell*, 740 F.3d at 1163 (approving of *Bullard* and noting that "construing the statute to require a single trial of more than 100 claims would render 28 U.S.C. § 1332(d)(11) 'defunct'"); *In re Abbott*, 698 F.3d at 573 ("[I]t does not matter whether a trial covering 100 or more plaintiffs actually ensues; the statutory question is whether one has been proposed.'" (quoting *Bullard*, 535 F.3d at 762)). Thus, the fact that that Judge Ruehlman scheduled two individual trials as well as two group trials for 14 and 24 plaintiffs is irrelevant. The Deters Firm's *proposal*, standing alone, satisfies the first requirement of mass action removal as to each and every case included in that proposal.

**B. The Amount in Controversy Is Satisfied**

Both the individual $75,000 and aggregate $5,000,000 amount in controversy requirements for mass action removal are satisfied. *See* 28 U.S.C. §§ 1332(a), (d)(2), (d)(11)(B)(i). The face of Plaintiff's Complaint, on its face, claims damages in excess of $75,000. *See* Compl. p. 4. Moreover, there is a demand for punitive damages, further supporting that more than $75,000 is in controversy. *See* Compl. p. 4; *Smith v. Nationwide Property and Cas. Ins. Co.*, 505 F.3d 401, 408 (6th Cir. 2007) ("As a general rule, [amount-in-controversy] analysis must also take into account the ability of [plaintiffs] to recover punitive damages, unless it is apparent to a legal certainty that such cannot be recovered."). Because Plaintiff's allegations

set forth a claim that exceeds $75,000, the aggregate amount in controversy, which embraces the claims of the more than 500 individuals who proposed to have their claims tried jointly (and whose claims also exceed $75,000 each), easily exceeds $5,000,000. Accordingly, the amount-in-controversy requirement is satisfied.

**C. The Diversity Requirement Is Satisfied**

The diversity requirement for mass action removal is also met. *See* 28 U.S.C. § 1332(d)(2)(A), (d)(11)(A). For removal of a mass action, only "minimal diversity" is required, *i.e.*, at least one plaintiff must be diverse from one defendant. *See id*. Here, at least one Defendant, CCHMC, is a citizen of Ohio for purposes of diversity, and a significant number of Dr. Durrani's patients whom he treated at CCHMC are residents of other states, such as Kentucky and Indiana. *See* Sample of Diverse Plaintiffs (attached hereto as **Exhibit D**). Therefore, all the jurisdictional requirements of mass action removal are met.

**ALL REMOVAL PROCEDURES ARE SATISFIED**

The Deters Firm submitted to Judge Ruehlman the Binder proposing a joint trial of the claims of more than 100 Plaintiffs on December 7, 2015. They e-mailed a copy of the Binder to Defendants on that same date. However, Dr. Durrani was not in the suit subsequently filed by Plaintiff in March 2016, there was no indication that Plaintiff considered this case as part of a group trial, and the case was originally assigned to Melba D. Marsh. However, on April 7, 2016, an Order was entered *sua sponte* transferring the case to Judge Ruehlman, and including the case in the group trials ordered by Judge Ruehlman. *See* Order, attached as **Exhibit E**. It was not until this date that the cases became part of the mass action perpetuated by The Deters Firm, through their proposal for a group trial. Accordingly, this removal is timely, since it occurred "within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it [could] first be ascertained that the case is one which is or has become removable." *See* 28 U.S.C. § 1446(b)(3).

With respect to mass action jurisdiction, removal is not barred by the Ohio citizenship of CCHMC. *See id.* § 1453(b).

The Complaint is attached as **Exhibit A**. *See id.* § 1446(a). The Court's General Order is attached as **Exhibit C,** and the Order transferring the case to Judge Ruehlman is attached as **Exhibit E**. *Id.* There are no other orders, and the remaining process and pleadings, including a Motion to Dismiss currently pending, are also attached hereto as **Exhibits F and G.** *Id.*

Written notice of this removal is being provided to all adverse parties and is being filed with the clerk of the Hamilton County Court of Common Pleas. *See id.* § 1446(d).

Defendant hereby reserves its right to amend this notice of removal.

**WHEREFORE**, CCHMC respectfully removes this action from the Common Pleas Court of Hamilton County, in the State of Ohio, to this Court.

Respectfully submitted,

s/ J. David Brittingham

J. David Brittingham, Esq. (0061577)
Allison G. Knerr, Esq. (0088235)
Dinsmore & Shohl LLP
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202
(513) 977-8200 Phone
(513) 977-8141 Fax

*Counsel for Defendants Cincinnati Children's Hospital Medical Center*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 5, 2016, the foregoing was served by electronic and U.S. mail on the following:

Robert L. Poole, Esq.
Robert Poole Law
2656 Crescent Springs Rd.
Crescent Springs, KY 41017
(859) 261-3400

Paul J. Schachter
Schachter, Hendy & Johnson, P.S.C.
909 Wright's Summit Parkway, Ste. 210
Ft. Wright, KY 41011
(859) 578-4444

*Attorneys for Plaintiff*

s/ J. David Brittingham