IN THE COUURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| **RYAN C. KEMME** | : | Case No.: _____ |
| 4408 Carter Avenue | | |
| Norwood, OH 45212 | : | Judge: _____ |
| **Plaintiff,** | : | |
| Vs. | : | **COMPLAINT & JURY DEMAND** |
| **CINCINNATI CHILDREN'S HOSPITAL MEDICAL CENTER** | | |
| c/o Risk Management and Legal Department | : | |
| 3333 Burnet Avenue | | |
| Cincinnati, OH 45229 | : | |
| **Defendant.** | : | |

**PARTIES**

1. Ryan Kemme ("Plaintiff") is a resident of the State of Ohio.

2. The acts and/or omissions described herein occurred in Hamilton County, Ohio.

3. All parties are subject to this court's jurisdiction and venue is proper in Hamilton County, Ohio.

4. Defendant Cincinnati Children's Hospital Medical Center ("CCHMC" or "Defendant") is an Ohio corporation with its principal place of business in Cincinnati, Ohio.

5. Abubukar Atiq Durrani, M.D., and all other providers, doctors, nurses, and medical personnel who rendered care to Ryan Kemme at CCHMC were employees, agents and/or servants of CCHMC.

1

**FACTS**

6. Plaintiff reiterates and incorporates by reference the preceding allegations as if fully rewritten herein.

7. Seventeen year old Ryan Kemme presented to CCHMC on July 8, 2008 for an evaluation of the back pain he had been experiencing for the prior 3 weeks.

8. On the dates of February 23, 2009 to February 25, 2009, Dr. Durrani performed spinal surgery consisting of a L4-L5 direct lumbar interbody fusion, posterior intramedullary spinal fusion L4-L5 using facet screws, lumbar laminoplasty on left with left side opening from L3-L5, lumbar laminoplasty fixation L3-L5, and infuse.

9. Upon information and belief, the surgery performed by Durrani was medically unnecessary and improperly performed.

10. As a direct and proximate result of Plaintiff's surgery, Defendant's negligence and improper and negligently credentialing or negligent retention Plaintiff has suffered harm and damages in such amounts as the proof may show.

**COUNT I: NEGLIGENCE AND VICARIOUS LIABILITY OF CINCINNATI CHILDREN'S HOSPITAL MEDICAL CENTER**

11. Plaintiff reiterates and incorporates by reference the preceding allegations as if fully rewritten herein.

12. Defendant employed and/or contracted with physicians, nurses, and/or other health care providers that cared for Ryan Kemme during the period of February 23, 2009 to

February 25, 2009, all of whom were acting within the course and scope of their employment and/or agency at all relevant times herein.

13. Defendant, by and through its employees, agents, and/or servants owed a duty of care to its patient, Ryan Kemme.

14. Defendant, independently and by and through its employees, agents and/or servants breached the acceptable standards of care to Plaintiff and said breaches were a direct and proximate cause of Plaintiff's injuries.

15. Defendant is vicariously liable for the negligence of its employees, agents and/or servants under the doctrine of respondeat superior, apparent agency, and/or agency by estoppel.

16. Defendant, by and through its employees, agents, and/or servants was negligent or deviated from the standard of care in performing an unnecessary surgery and/or improperly performing the spinal surgery on Plaintiff, Ryan Kemme.

17. As a direct and proximate cause of Defendant's negligence, Ryan Kemme suffered harm and damages in such amounts as the proof may show.

18. As a direct and proximate cause of Defendant's negligence, Ryan Kemme was injured in, on and about his body, both temporarily and permanently; incurred medical expenses, and will do so in the future; had his power to labor and earn money impaired, both past and future; was caused to suffer great pain, both mental and physical, past and future, all to his detriment and damage.

19. Plaintiff sustained all damage stated herein and/or requested in the prayer for relief.

## COUNT II: NEGLIGENT CREDENTIALING, SUPERVISION, & RETENTION

20. The actions described in Count I above with respect to Plaintiff constitutes medical negligence.

21. Defendant CCHMC negligently credentialed, supervised, and retained Dr. Durrani as a credentialed physician by:

   a. Violating their Joint Commission on Accreditation of Healthcare Organizations (JCAHO) rules by allowing Durrani to repeatedly violate CCHMC's bylaws with its full knowledge of the same;

   b. Failing to adequately review, look into, and otherwise investigate Durrani's educational background, work history and peer reviews when he applied and reapplied for privileges at CCHMC;

   c. Ignoring complaints about Durrani's treatment of patients reported to it by staff, doctors, patients and others.

22. As a direct and proximate result of the negligent credentialing, supervision, and retention of Dr. Durrani, Plaintiff sustained all damages stated herein and requested in the prayer for relief.

**WHEREFORE,** Plaintiff demands judgment against Defendant in such amount in excess of $75,000, which will fully and fairly compensate him for his injuries and damages past, present, future and punitive damages together with a reasonable sum for attorney's fees and costs of this action and such other relief as the Court might deem just and proper under the circumstances.